# EXHIBIT 2

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>OMAR AHMED KHADR<br>a/k/a "Akhbar Farhad"<br>a/k/a "Akhbar Farnad"<br>a/k/a "Ahmed Muhammed Khali" | Offer for Pre-trial Agreement<br><br>12 October 2010 |

1. I, OMAR AHMED KHADR, ISN 0766, am presently the accused under military commission charges, dated 24 April 2007. I read the charges and specifications alleged against me, and they have been explained to me by my defense counsel, Lieutenant Colonel Jon Jackson, and Major Matthew Schwartz, and Mr. Nate Whitling, a Canadian foreign consultant (hereinafter collectively referred to as "defense counsel"). I understand the charges and specifications, and I am aware I have a legal and moral right to plead not guilty and to leave the prosecution with the burden of proving my guilt beyond a reasonable doubt by legal and competent evidence.

2. Understanding the above and under the conditions set forth below, and in consideration of this agreement by the Convening Authority to approve a sentence in accord with the limitations set forth in this agreement, I offer and agree to:

   a. Plead Guilty to all charges and specifications.

   b. Admit I knowingly and intentionally committed each of the acts set forth in each charge and specification referred on 24 April 2007. I understand, as explained to me by my defense counsel, that my admission of committing these acts constitutes a sufficient basis, under United States law, for me to be found guilty beyond a reasonable doubt to the aforementioned charges and specifications.

   c. Enter into the Stipulation of Fact that is Attachment A, dated 8 October, 2010, a nine (9) page document (hereinafter Attachment A). I understand that I have an absolute right to refuse to enter into Attachment A but I knowingly and voluntarily agree to enter into Attachment A with the United States Government. I understand a stipulation of fact ordinarily cannot be contradicted. If Attachment A should be contradicted during or after my guilty plea, I understand the United States Government may withdraw from this pretrial agreement. I further understand and agree that Attachment A will be used to determine my guilt and to determine an appropriate sentence. I have discussed this decision with my defense counsel and believe it is in my best interest to enter into Attachment A with the United States Government for the herein stated purposes.

   d. Knowingly and voluntarily waive and relinquish any request for any forensic or scientific testing of any physical evidence in the United States Government's possession, including, but not limited to, DNA testing. I fully understand that as a result of this waiver I will

APPELLATE EXHIBIT 341
PAGE ___ OF ___

not have another opportunity to have any physical evidence in this case submitted for any testing or to employ the results of any testing to support any claim of innocence regarding the offenses to which I am pleading guilty. In addition, I understand the United States Government may dispose of such physical evidence upon sentencing by a Military Commission in this case.

 e. Waive any claim to confinement credit for any period of time I have been detained prior to the sentence being announced. Notwithstanding my waiver to any claim to confinement credit prior to the sentence being announced, this waiver in no way shall be construed as to limit the Convening Authority's ability to reduce the sentence imposed pursuant to paragraph 6 *infra*.

 f. Sign and execute the document found at Attachment B, a two (2) page document that is Military Commission Form 2330, Waiver/Withdrawal of Appellate Rights, within the specified timeframe found within Attachment B and R.M.C. 1110. In doing so I understand I will, at the time of execution of Attachment B, waive my rights to appeal this conviction, sentence, and/or detention to the extent permitted by law, or to collaterally attack my conviction, sentence, and/or detention in any judicial forum (found in the United States or otherwise) or proceeding, on any grounds, except that I may bring a post-conviction claim if any sentence is imposed in excess of the statutory maximum sentence or in violation of the sentencing limitation provisions contained in this agreement. I have been informed by my counsel orally and in writing of my post-trial and appellate rights.

 g. Not initiate or support any litigation or challenge, in any forum in any Nation, against the United States or any official in their personal or official capacity with regard to my capture, detention, prosecution to include discovery practice, post conviction confinement and/or detainee combatant status. I further agree to move to dismiss with prejudice any presently pending direct or collateral attack challenging my capture, detention, prosecution and/or detainee combatant status; to implement this aspect of this agreement, following announcement of the sentence in this case, I direct my counsel to submit a motion to dismiss the petition for habeas corpus in my case currently pending in the United States District Court for the District of Columbia as well as all claims currently pending in the United States Court of Appeals for the District of Columbia Circuit.

 h. Not to engage in or materially support, directly or indirectly, hostilities against the United States or its coalition partners as defined in 10 U.S.C. § 948(a), or any other organization that I know engages in hostilities against the United States or its coalition partners.

 i. While in the continued custody of the United States, submit to interviews whenever and wherever requested by United States law enforcement officials, intelligence authorities, and prosecutors. I understand the requesting parties will notify my legal counsel of the interviews. However, I waive any right I may have to my attorneys being present for the interviews. I understand I must be completely truthful during these interviews. I also agree, while in U.S. custody, to appear, cooperate, and testify truly, before any grand jury, any court, military court or hearing, military commission or any other proceeding requested by the United States Government.

 j. I agree and understand that if I am not truthful in any testimony I may provide, I may be prosecuted for perjury, false statement or other similar offense before any court or Military Commission having jurisdiction over me.

 k. In further exchange for consideration of the benefit I am receiving, I also agree, after I am transferred to Canadian custody, to never enter into the United States of America or any of her territories or military installations. If I enter into said area(s), the remaining portion of any approved sentence, if any, shall be carried out in United States custody, explicitly revoking the provisions of paragraph 6 of this agreement. I understand and agree that I will also waive any legal actions that may or may not be brought at that time, in any forum, whether in the United States or otherwise, as a result of my violation of this agreement by entering the United States of America or any of her territories or military installations. This includes United States airspace.

 l. I hereby assign to the Government of Canada any profits or proceeds which I may be entitled to receive in connection with any publication or dissemination of information relating to the illegal conduct alleged on the charge sheet. This assignment shall include any profits and proceeds for my benefit, regardless of whether such profits and proceeds are payable to me or to others, directly or indirectly, for my benefit or for the benefit of my associates or a current or future member of my family. I hereby represent that I have not previously assigned, and I agree that I will not circumvent this assignment to the Government of Canada by assigning, the rights to my story to an associate or to a current or future member of my family, or to another person or entity that would provide some financial benefit to me, to my associates, or to a current or future member of my family. Moreover, I will not circumvent this assignment by assisting or facilitating his or her profiting from a public dissemination, whether or not such an associate or other family member is personally or directly involved in such dissemination. I agree that this assignment is enforceable through any applicable provision of law that would further the purpose of this paragraph's prohibition of personal enrichment for myself, my family, or my heirs and assigns, through any publication nor dissemination of qualifying information, and I acknowledge that my representations herein are material terms of this agreement.

3. Subject to the Rules for Military Commissions (R.M.C.), the Military Commissions Rules of Evidence (M.C.R.E.) and the limitations described below, I understand the prosecution and defense may call witnesses and present evidence, subject to any rulings by the Military Judge, regarding matters in aggravation and extenuation and mitigation for sentencing consideration. I further agree to the following:

 a. I will not seek to offer any testimony, in any form, from any detainee presently held at Naval Station Guantanamo Bay;

 b. I will not seek to obtain any depositions to be offered at the presentencing hearing, nor will I offer any depositions at the presentencing hearing;

c. I will not seek to offer the testimony, either in court or via VTC of any witness, other than: (1) Dr. Katherine Porterfield; (2) Dr. Steven Xenakis, (3) Captain McCarthy; and (4) Dr. Arlette Zinck, all of whom the Government has agreed to produce at U.S. Naval Station, Guantanamo Bay, Cuba for sentencing. I understand that sentencing proceedings will not be delayed to if these witnesses are unavailable.

d. I will not seek to offer the expert testimony, in any form, of any expert other than Dr. Katherine Porterfield and Dr. Stephen Xenakis. I recognize that it is the responsibility of my defense counsel to ensure that fees for these experts have been properly requested and approved and that sentencing proceedings will not be delayed if the Defense fails to submit proper requests sufficiently in advance of the sentencing hearing to allow the Convening Authority to review and approve appropriate hours to accommodate these witnesses' testimony.

4. I understand that this offer, when accepted by the Convening Authority, constitutes a binding agreement. I assert that I am, in fact, guilty of the offenses to which I am offering to plead guilty, and that I have been apprised of the evidence against me and agree that the evidence could and would prove me guilty beyond a reasonable doubt of the offenses to which I am pleading guilty. I understand that this agreement permits the Military Commission to find me guilty for all offenses to which I plead guilty without the need for the government to present evidence that would prove my guilt beyond a reasonable doubt. I offer to plead guilty because it will be in my best interest that the Convening Authority grants me the relief set forth in this agreement. I understand that I waive my right to a trial of the facts and to be confronted by the witnesses against me, and my right to avoid self-incrimination insofar as a plea of guilty will incriminate me.

5. In making this offer, I further state that:

a. I am satisfied with Lieutenant Colonel Jon Jackson and Major Matthew Schwartz my detailed defense counsel who advised me with respect to this offer and consider them competent to represent me in this Military Commission.

b. No person or persons made any attempt to force or coerce me into making this offer or to plead guilty. I enter into this agreement voluntarily of my own free will.

c. My counsel fully advised me of the nature of the charges against me, the possibility of my defending against them, any defense that might apply (including other defense motions that have not yet been filed), and the effect of the guilty plea that I am offering to make, and I fully understand their advice and the meaning, effect, and consequences of this plea.

d. I understand that I may withdraw my plea of guilty at any time before the sentence is announced but not after the sentence is announced and that, if I do so, this agreement is canceled and of no effect. This agreement will also be canceled and of no effect, if any of the following occurs:

4

(1) The Military Commission refuses to accept my plea of guilty to any charge and specification, as set forth above, or modification of the plea by anyone during the trial to "not guilty," or to lesser charges;

(2) Either party withdraws from the agreement before the trial; or

(3) I fail to enter into Attachment A and Attachment B as described in paragraph 2(g) and (j) *supra*.

    e. I understand the Convening Authority's obligation to approve a sentence no greater than that provided in this agreement may be canceled if, between the announcement of sentence and the Convening Authority's approval of any sentence, I commit any offense chargeable under the Military Commissions Act of 2009 or fail to otherwise fulfill the terms of this agreement.

    f. I understand that in the event this plea agreement is not approved by the Convening Authority or is not accepted by the Military Commission, or if I withdraw from this agreement prior to the Military Commission announcing my sentence, this offer cannot be used against me in any proceeding in this case to establish my guilt to these offenses.

    g. This document includes all of the terms of this pretrial agreement and, to the extent consistent with the authority granted to the Convening Authority by section 948(h) of the Military Commissions Act of 2009, this prosecution and agreement disposes of all acts of commission or omission which have been referred to this military commission. I have taken into account that other U.S. federal government agencies have indicated their willingness to positively endorse my prisoner transfer application after I have completed one additional year in U.S. custody after my sentence is approved; however, I recognize the decision to approve my transfer is ultimately made by the Canadian Government, and this agreement cannot bind Canadian Officials to accept my prisoner transfer application. No other inducements have been made by the Convening Authority, or any other person, which affect my offer to plead guilty.

    h. It is a condition precedent to this agreement that duly authorized officials of the United States and Canada exchange diplomatic notes reflecting United States and Canadian Government support for my transfer to Canada to serve the remainder of my approved sentence after completing no less than one additional year in United States custody after the date of approval of my sentence, and that the United States provide copies of these diplomatic notes to my detailed defense counsel. I understand that my transfer to Canada is contingent upon the consent of the Government of Canada, and that this plea agreement cannot bind the Government of Canada to consent to my prisoner transfer application. I further understand that the Government of Canada cannot accept my application until it is submitted and that any acceptance of a prisoner transfer agreement is a separate agreement from the pre-trial agreement I am entering into with the Convening Authority. I understand that if the Government of Canada ultimately does not accept my application for transfer, it will have no impact on this agreement. No other inducements have been made by the Convening Authority, or any other person, which affect my offer to plead guilty.

6. As consideration for my offer to plead guilty set forth above:

    a. The Convening Authority will not approve a sentence of confinement of greater than eight (8) years.

    b. The Convening Authority agrees to take all appropriate actions, to the extent of his authority, including the execution of all necessary documents, to support transfer of the accused from the custody of the United States to the custody of Canada after the accused has served one year of confinement in the custody of the United States after the announcement of sentence, provided the accused otherwise complies with the terms of this agreement. The remainder of the approved sentence will be served in Canada, consistent with Canadian Law.

    c. The parties acknowledge that the authority of the Convening Authority is limited by the Military Commissions Act of 2009, the Rules for Military Commissions, and the Regulation for Trial by Military Commission, which limit the authority of the Convening Authority to action related to the prosecution of cases by military commission, such as the approval of the terms of pretrial agreements, the approval of the findings and the sentence of military commissions, and taking action on clemency requests, if any. The parties acknowledge the Convening Authority does not have the authority to:

        (1) Control the location of confinement, the conditions of confinement, or whether such confinement is served in military or federal institutions;

        (2) Release the accused from military or federal confinement after taking formal action on the findings and sentence of the military commission;

        (3) Bind the government of the United States to release the accused from law of war detention;

        (4) Bind the government of Canada to allow the accused to enter the country, or to direct, control or otherwise influence the accused's confinement, transfer, parole, or release while in the custody of the government of Canada.

7. The accused and defense counsel understand and agree that this agreement consists of seven (7) numbered paragraphs and seven (7) pages. This document represents the accused's entire agreement with the United States Government. The parties further understand and agree that there are no other agreements, letters, verbal promises or notations that will affect this agreement. The accused and defense counsel further agree that no other inducements have been made by the United States Government which affect the accused's offer to plead guilty.

13 OCT 2010
Date

_Omar A. Khadr_
Omar Ahmed Khadr

I certify I gave the accused the advice referred to above. I explained to him the elements of the offenses and I witnesses his voluntary signature to this offer for a pretrial agreement.

13 OCT 2010
Date

JON S. JACKSON,
Lieutenant Colonel, USAR
Defense Counsel

13 Oct 2010
Date

MATTHEW G. SCHWARTZ,
Major, USAF
Defense Counsel

I recommend (acceptance) (rejection) of this offer.

OCT 1 3 2010
Date

Michael C. Chapman
Legal Advisor to the Convening Authority

The foregoing instrument, dated OCT 1 3 2010 is (approved and accepted) (disapproved).

OCT 1 3 2010
Date

Convening Authority

7

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | POST-TRIAL AND |
| ) | APPELLATE RIGHTS |
| ) | (Military Commissions) |
| OMAR AHMED KHADR ) | |
| a/k/a Akhbar Farhad ) | |
| a/k/a Akhbar Farnad ) | 30 October 2010 |
| a/k/a Ahmed Muhammed Khali ) | |

1. I, Omar Ahmed Khadr, the accused in the above entitled case certify that my trial defense counsel has advised me of the following post-trial and appellate rights in the event that I am convicted of a violation of the Manual for Military Commissions:

   (a) The right to submit matters to the convening authority to consider before taking action;

   (b) The right to appellate review, as applicable, and the effect of waiver or withdrawal of such right;

   (c) The right to the advice and assistance of counsel in the exercise of the foregoing rights or any decision to waive them.

2. In exercising my post-trial rights, or in making any decision to waive them, I am entitled to the advice and assistance of military counsel provided free of charge or civilian counsel provided at no expense to the government.

3. After the record of trial is prepared, the convening authority will act on my case. The convening authority can approve the sentence adjudged as limited by any pretrial agreement, or he can approve a lesser sentence, or disapprove the sentence entirely. The convening authority cannot increase the sentence. He can also disapprove some or all of the findings of guilty. The convening authority is not required to review the case for legal errors, but may take action to correct legal errors.

4. I have the right to submit any matters I wish the convening authority to consider in deciding what action to take in my case. Before the convening authority takes action, the legal advisor will submit a recommendation to him, if applicable. This recommendation is required. This recommendation will be sent to me and/or my defense counsel before the convening authority takes action. If I have matters that I wish the convening authority to consider, or matters in response to the legal advisor's recommendation, such matters must be submitted within 20 days after I or my counsel receive a copy of the record of trial or I and/or my counsel receive the recommendation

APPELLATE EXHIBIT 386
PAGE 1 OF 5

Subject: Post-Trial and Appellate Rights Form (continued)

of the legal advisor, whichever occurs later. Upon my request, the convening authority may extend this period, for good cause, for not more than an additional 20 days.

5. The legal advisor may supplement the recommendation after I and my counsel have been served with the recommendation and given an opportunity to comment. If new matter is introduced, I will be given 20 days from service of the addendum to submit comments. Failure to submit matters within the time prescribed by this rule shall be deemed a waiver of the right to submit such matters. Submission of any matters under this rule shall be deemed a waiver of the right to submit additional matters unless the right to submit additional matters within the prescribed time limits is expressly reserved in writing. I may expressly waive, in writing, the right to submit matters. Once filed, such waiver may not be revoked. If, as a result of an unauthorized absence, the record cannot be served on me and I have no counsel to receive the record, I shall be deemed to have waived the right to submit matters under this rule within the time limit which begins upon service on me of the record of trial.

6. If a finding of guilt is approved by the convening authority, except where appellate review has been waived, my case will be reviewed by the United States Court of Military Commissions Review. I am entitled to be represented by counsel before such court if I so request. I may petition for review of the decision of the United States Court of Military Commissions Review to the United States Court of Appeals for the District of Columbia Circuit if such petition is filed within 20 days after the date on which written notice of the final decision of the United States Court of Military Commissions Review is served on me or on defense counsel, whichever is earlier. I can submit, in the form prescribed by R.M.C. 1110, a written notice waiving my right to review by the United States Court of Military Commissions Review.

7. Except in a case in which the sentence approved by the convening authority extends to death, I may file with the convening authority a statement expressly waiving the right of appellate review. The waiver must be signed by both me and my defense counsel. The waiver must be filed not later than 10 days after I or my defense counsel is served with a copy of the action. The convening authority, for good cause, may extend the period for such filing by not more than 30 days.

8. Except in a case in which the sentence approved by the convening authority extends to death, I understand I may waive or withdraw review by the appellate courts at any time before the completion of the review. A waiver or withdrawal of appellate review bars review by the Court of Military Commissions Review. A waiver of appellate review or withdrawal of an appeal pursuant to 10 U.S.C. §950c and R.M.C. 1110 will be made on MC Form 2330, Feb 07 (Waiver/Withdrawal of Appellate Rights in Military Commission Subject to Review by a Court of Military Commission Review). I understand that if I waive or withdraw review of the case, my decision is final and I cannot change my mind.

Subject: Post-Trial and Appellate Rights Form (continued)

9. Within two years after the convening authority has approved the sentence in my case, I may petition the convening authority for a new trial on the grounds of:

   (a) Newly discovered evidence (except as to any specification for which a guilty plea was accepted by the military judge); or

   (b) Fraud on the military commission.

The petition must be in writing and, when practicable, will be typewritten, double-spaced. The petition will be signed under oath or affirmation by the petitioner, a person possessing the power of attorney of the petitioner for that purpose, or a person with the authorization of an appropriate court of law to sign the petition as the representative of the accused. The petition will be forwarded to the Convening Authority for Military Commissions, Office of Military Commissions, 1600 Defense Pentagon, Washington, D.C. 20301-1600, with supporting documentation, if any. Once a petition for new trial has been granted by any authority or denied by the United States Court of Military Commission Review, no new or additional petition pertaining to the same trial by military commission, and filed by the accused or any representative of the accused, may be considered or granted by any authority under chapter 47A of title 10, United States Code or the Manual for Military Commissions.

10. I have read and had my post-trial rights explained to me by counsel and I acknowledge these rights and make the elections set forth below.
(Please initial where appropriate.)

_OK_ (a) I understand my post-trial and appellate review rights.

_OK_ (b) I understand I have the right to receive a copy of the record of trial in my case pursuant to R.M.C. 1104(c). I specifically request that my copy of the record of trial be delivered or served on

_____ me            _OK_ my defense counsel named below.

_____ (c) I understand I have a right to receive a copy of the legal advisor's recommendation prior to forwarding the recommendation and the record of trial to the convening authority pursuant to R.M.C. 1106(e)(1). I specifically request that my copy of the legal advisor's recommendation be delivered to or served on

_____ me            _OK_ my defense counsel named below.

_OK_ (d) I understand I have a right to submit to the convening authority within the time prescribed any matters that may reasonably tend to affect the convening authority's decision whether to disapprove any findings or guilty or to approve the sentence. I

3

APPELLATE EXHIBIT 386
PAGE 3 OF 5

Subject: Post-Trial and Appellate Rights Form (continued)

specifically _____ waive / _OK_ do not waive my right to submit matters for the convening authority's consideration pursuant to R.M.C. 1105.

_____ (e) If applicable, I want to be represented before the United States Court of Military Commissions Review by Appellate Defense Counsel appointed by the Chief Defense Counsel for Military Commissions.

_OK_ (f) I intend to waive my appellate rights and will execute MC Form 2330 dated Nov 07 (Waiver/Withdrawal of Appellate Rights in Military Commission Subject to Review by a Court of Military Commission Review) to solidify my intent to waive my appellate rights.

_____ (g) I have been informed that I have the right to retain civilian counsel at my own expense, whose name and address are provided herein:

_OK_ (h) I desire to be represented by:

Name of Counsel: __LTC Jon Jackson__

Address: _____

Email address: _____

Phone number(s): _____

in all post trial actions in this case. If I have elected substitute service of the record of trial and/or the legal advisor's recommendation, my defense counsel named above will receive those documents.

If I later retain civilian counsel, I must provide the name and address to:
    Clerk of the Court
    Military Commissions
    1600 Defense Pentagon
    Washington, D.C. 20301-1600.

4

APPELLATE EXHIBIT 386
PAGE 4 OF 5

Subject: Post-Trial and Appellate Rights Form (continued)

11. Pending action on my case, I can be contacted or a message may be left for me at the following address:

NAME: _____

ADDRESS: _____

_____

COUNTRY: _____

TELEPHONE NUMBER: _____

EMAIL: _____

_____    Date: 30 Oct. 2010
OMAR AHMED KHADR

By Defense Counsel:

I certify that I have advised the above named accused regarding the post trial and appellate rights as set forth above, that he has received a copy of this document, and that he has made elections concerning his post trial and appellate rights.

Date: 30 OCT 2010                  _____
                                    Jon S. Jackson
                                    Lieutenant Colonel, USAR
                                    Defense Counsel

## WAIVER/WITHDRAWAL OF APPELLATE RIGHTS IN MILITARY COMMISSIONS TRIALS SUBJECT TO REVIEW BY THE COURT OF MILITARY COMMISSION REVIEW

NOTE: See R.M.C. 1201 concerning which cases are subject to review by the Court of Military Commission Review. See R.M.C. 1110 concerning waiver or withdrawal of appellate review.

I have read the attached action dated _____.

I have consulted with **LTC JON S. JACKSON**, my ~~(appellate)~~ ~~(associate)~~ ~~(substitute)~~ defense counsel concerning my appellate rights and I am satisfied with his/her advice.

I understand that:

1. If I do not waive or withdraw appellate review –

    a. My Military Commission trial will be reviewed by the Court of Military Commission Review.

    b. The Court of Military Commission Review will review the findings and sentence in my case for errors of law.

    c. After review by the Court of Military Commission Review, my case could be reviewed for legal error by the United States Court of Appeals for the District of Columbia Circuit, on petition by me.

    d. If the Court of Appeals reviews my case, my case could be reviewed for legal error by the United States Supreme Court on petition by me.

    e. I have the right to be represented by military counsel, at no cost to me, or by civilian counsel, at no expense to the United States, or both, before the Court of Military Commission Review, the United States Court of Appeals for the District of Columbia Circuit, and the Supreme Court.

2. If I waive or withdraw appellate review –

    a. My case will not be reviewed by the Court of Military Commission Review, or be subject to further review by the Court of Appeals for the District of Columbia Circuit, or by the Supreme Court under 28 U.S.C. 1259.

    b. I may petition the Convening Authority for a new trial under R.M.C. 1210 on the ground of newly discovered evidence or fraud on the military commission. Such a petition must be filed within 2 years of the convening authority's approval of the sentence.

    c. A waiver or withdrawal, once filed, cannot be revoked, and bars further appellate review.

Understanding the foregoing, (**waive my rights to appellate review**) (withdraw my case from appellate review). I make this decision freely and voluntarily. No one has made any promises that I would receive any benefits from this waiver/withdrawal, and no one has forced me to make it.

**OMAR A. KHADR**
TYPED NAME OF ACCUSED

*(signature)* Omar A. Khadr
SIGNATURE OF ACCUSED

**766**
ISN NUMBER OF ACCUSED (LAST FOUR)

**30 OCT 2010**
DATE

MC Form 2330, FEB 07                    Figure 24.1 *Waiver/Withdrawal of Appellate Rights*

159

APPELLATE EXHIBIT 387
PAGE 1 OF 2

## STATEMENT OF COUNSEL

(Check appropriate block)

[X] 1. I represented the accused at his/her military commission trial.

[ ] 2. I am associate appellate counsel detailed under R.M.C. 1110(b). I have communicated with the accused's (detailed) (civilian) defense counsel concerning the accused's waiver/withdrawal and discussed this communication with the accused.

[ ] 3. I am substitute counsel detailed under R.M.C. 1110(b).

[ ] 4. I am a civilian counsel whom the accused consulted concerning this matter. I am a member in good standing of the bar of _____

[ ] 5. I am appellate defense counsel for the accused.

I have advised the accused of his/her appellate rights and of the consequences of waiving or withdrawing appellate review. The accused has elected to (waive) (withdraw) appellate review.

JON S JACKSON  
TYPED NAME OF COUNSEL

Office of the Cheif Defense Counsel  
UNIT OF COUNSEL

LTC  
RANK OF COUNSEL

BUSINESS ADDRESS (If Civilian Counsel)

[signature]  
SIGNATURE OF COUNSEL

30 OCT 2010  
DATE

MC Form 2330 PAGE 2, FEB 07

*Figure 24.1 Waiver/Withdrawal of Appellate Rights*

160

APPELLATE EXHIBIT 387  
PAGE 2 OF 2